WILLIAM COTHREN vs. WILLIAM W. OLMSTED.

Hartford Dist., March T., 1889. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

In a suit of *A* against *B*, a committee found that *A* was entitled to recover of *B* a certain sum, unless a debt of $531 owed by *A* to *D*, and which *B* claimed to hold by assignment from *D*, could be set off. The court disallowed the set-off. Held that this finding of the committee could not be made the basis of a suit by *D* against *A*, as a judgment in his favor, both because it was not in itself a judgment and because *D* was not a party to it, either of record or in interest.

[Argued March 5th—decided April 15th, 1889.]

ACTION to recover the amount of a judgment; brought to the Court of Common Pleas in Litchfield County. A committee made a report in favor of the plaintiff, which, upon remonstrance against its acceptance, the court (*Warner, J.,*) rejected, and rendered judgment for the defendant. The plaintiff appealed to this court. The case is fully stated in the opinion.

*J. Huntington* and *A. D. Warner*, for the appellant.

*G. E. Terry* and *N. R. Bronson*, for the appellee.

LOOMIS, J. The complaint alleges that "on November 12th, 1886, the plaintiff recovered a judgment against the defendant before the Superior Court in and for the county of New Haven, at its November term in said year, for $531.83," and that "said judgment remains wholly unsatisfied." The common counts also appear in the complaint, but it was distinctly found that no claim whatever was made under these counts, so that the action was in fact based wholly upon the judgment set forth as above.

The case was referred to a committee. Upon the hearing before the committee the only evidence offered by the

plaintiff to sustain the allegation of a judgment recovered in his favor against the defendant, consisted of a certified copy of the record in the case of *William W. Olmsted* v. *Levi Scutt*, tried in the Superior Court for New Haven County in 1886, and also the report of the trial of the same case in this court in 55 Conn. R., 125.

The committee received the evidence against the objection of the defendant, and upon this evidence alone found the issues for the plaintiff to recover said judgment of $531.83, with interest from the 12th day of November, 1886.

Upon remonstrance to the report of the committee the Court of Common Pleas sustained the remonstrance, rejected the report, and rendered judgment for the defendant.

The question in substance which the plaintiff's appeal raises for our present discussion is, whether the records of the Superior Court and of the Supreme Court in the case of *Olmsted* v. *Scutt*, show a judgment in favor of the present plaintiff against the present defendant. The records so offered in evidence show that *Olmsted* v. *Scutt* was heard before a committee, who found a balance of $681.47 due from Scutt to Olmsted, and then added a contingent finding submitting to the Superior Court the question whether upon certain additional facts, as matter of law, Scutt was entitled to a further reduction of the sum mentioned, by the amount of a certain balance of unsettled book accounts found to be $531.83, which Olmsted the then plaintiff owed to Cothren the present plaintiff, and which Scutt (then defendant) claimed to have been assigned to him by Cothren in such manner that he could set it off against the claim of Olmsted. The assignment by Cothren was merely for purposes of collection and without consideration, and this court held that the debt could not be allowed as a set-off.

Where in all this record is there any evidence to support the averment of the complaint that the plaintiff recovered a judgment in his favor against the defendant? The record adduced shows that the present plaintiff was neither a party of record, nor a party in interest in the subject matter of the suit. The first problem that confronts us at the outset

is, how is it possible for one in no way connected with the case as a party during the trial to come out of it with a valid judgment in his favor.

But if we examine the record however critically we shall find new surprises, and the next problem is equally strange with the first, namely,—how can a record prove a judgment recovered when it is utterly silent on the subject; when no court has said or pretended to say that the person claiming a judgment was entitled to one.

But the plaintiff attempts the solution of the suggested problems by saying, in substance—true, I was not a party except through Scutt and by means of the set-off of my debt which he attempted to make. In that respect he was my agent to collect my debt. But Scutt was and must have been, as the record shows, a defendant in that case in his own right solely. The plaintiff would be slow to admit that the judgment against Scutt by name, was virtually against himself, as the party beneficially interested. How could Scutt be defendant in his own right solely, in reference to the demand of Olmsted against him, and yet be there as agent for another in attempting to reduce that demand. If the claimed set-off had been allowed it would have been because the claim then belonged to Scutt and could justly be applied to what he owed Olmsted. It will be noticed that in pleading the set-off Scutt does not pretend to be the agent of Cothren, but he counts on an absolute transfer to him and that he was the *bona fide* owner of the debt. Had the plea been that Scutt was the agent of Cothren, as now claimed, it would have been clearly demurrable. But the off-set was not allowed, and solely for the reason that in law the debt still belonged to Cothren, a third person and a stranger to the suit then pending. If he was a stranger then he is so now. But if all this reasoning is futile, the record at the best shows only an attempt by Cothren's agent to do something for him which he failed to accomplish. The court rendered no judgment either in favor of Scutt or of Cothren. How then can there be a judgment now, when there was none then?

A judgment upon which a suit is to be predicated must be a final and complete thing, upon which execution might have issued for its enforcement. What a strange application it would have been if the plaintiff had asked the court in which he now claims to have recovered a judgment, to issue an execution in his favor to collect it? And yet the plaintiff's averment in the present suit ought to stand such a test as this.

But a more plausible claim in support of the plaintiff's position may be thus stated: An intelligent and learned committee to whom the case of *Olmsted* v. *Scutt* was referred, for the purpose of submitting the question of set-off to the court, found that Olmsted owed Cothren to balance book accounts the sum of $531.83. This is well calculated to induce the belief that the plaintiff has, or then had, a well founded claim against the defendant which the latter ought to pay. It is to be regretted that resort was not had to the plain and ample remedies given by the law for the recovery of the claim.

The plaintiff's mistake all through is found in his assumption that the finding by the committee, notwithstanding the rejection of the set-off, would remain a necessary part of the case and harden into a final judgment in his favor, when in truth the finding in terms relative to the set-off was made subject to the rules of law applicable to the facts so found. When these rules of law were finally applied and the right of set-off was wholly denied, all that part of the case was in legal effect eliminated. So that the case then stood precisely as it would had the committee upon objection to the evidence ruled it all out as being foreign to the case in hand.

There was no error in the judgment complained of.

In this opinion the other judges concurred.